# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 09-CR-406-SLB-HGD-6 |
| | ) | |
| PATRICK BRYANT WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America and Defendant **PATRICK BRYANT WILSON** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to (i) dismiss **COUNT TWO** of the Indictment at the time of sentencing and (ii) recommend the disposition specified below.

_PBW_
Defendant's initials      Page 1 of 12

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of False Information and Hoaxes, in violation of Title 18, United States Code, Section 1038(a), as charged in **COUNT ONE**, is:

    a.    Imprisonment for not more than 5 years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years; and

    e.    Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA:

The United States would be prepared to prove the following facts at the trial of this case:

On August 27, 2009, Inspector Stephen Mathews was contacted by a supervisor at the Cullman, Alabama post office regarding a suspicious piece of mail that was leaking an unknown white powder. The envelope was identified as a return reply envelope addressed to the Social Security Administration in Cullman, Alabama. The envelope was postmarked in Haleyville, Alabama on August 25, 2009. Three separate

_PBW_
Defendant's initials        Page 2 of 12

tests were then conducted of the envelopes contents before it was determined that the material was non-hazardous.

After determining that the material was non-hazardous, the envelope was opened. Within the envelope, agents observed a quantity of white powder and two photographs. The two photographs depicted images of the Wold Trade Center towers on fire from September 11, 2001.

Agents then interviewed witnesses with the Cullman Social Security office. Those witnesses advised that they had received phone calls and voice mails from a person identifying themself as a **PATRICK BRYANT WILSON** by name and social security number starting August 25, 2009. In those phone messages, **WILSON** left messages that included "some bad things are going to start happening at the Haleyville Post Office and some other places," and "Some people gonna get bad hurt. I'm afraid they's gonna be a lot of people get killed."

Agents then spoke with the United States Postal Service window clerk who received the suspect envelope. The witness advised that she was the only person who worked the window on August 25, 2009 and remembered a customer mailing that particular envelope. The witness stated that the person, who description matched **WILSON'S**, was wearing blue surgical gloves and upon leaving the post office,

_PBW_
Defendant's initials		Page 3 of 12

removed the gloves and threw them on the ground. A review of the return address listed on the envelope revealed that the address belonged to **WILSON**.

On August 31, 2009, a state search warrant was executed on **WILSON'S** address. During that search, **WILSON** agreed to speak with agents. At that time **WILSON** admitted to mailing the letter to the Social Security Administration in Cullman, Alabama that contained the white powder and the photos of the World Trade Center towers burning on September 11, 2001. **WILSON** advised that he was mad, in pain, and upset and wanted to scare the Social Security Administration to believe the powder was Anthrax. **WILSON** stated that the powder was actually baby powder and the bottle he used was recovered from a tent behind the residence. When questioned about the voice mail messages left with the Social Security Administration Office in Cullman, Alabama, **WILSON** admitted that he had left the messages. **WILSON** also admitted to sending text mail messages from a prepaid cellular telephone on August 18th, 25th, and 27th to Danny West that contained statements regarding threatens to harm individuals associated with his mailing of the original package. Again, Wilson admitted that these text messages and voice mails were all sent in order to scare the Social Security Administration into believing that the package they received was filled with Anthrax.

_PRW_
Defendant's initials        Page 4 of 12

The defendant hereby stipulates that the facts as stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.

*Patrick B. J. Wil[son]*
PATRICK BRYANT WILSON

### III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility with a recommendation for a sentence at the low end of the range;

(b) That the defendant be sentenced to a term consistent with the low end of the advisory sentencing guideline range as calculated by the Court at the time of sentencing. If the guideline range calculated by the Court would permit a sentence of probation, the Government will not oppose the Court's imposition of a sentence of probation that conforms to Chapter 5, Part B of the *United States Sentencing Guidelines*. The Government will request,

*PBW*
Defendant's initials      Page 5 of 12

however, that any term of probation imposed by the Court include the mandatory conditions of probation set forth in U.S.S.G. § 5B1.3.

(c) That, if the Court should impose a term of imprisonment, the period of incarceration be followed by a period of supervised release of 3 years, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3.

    (1) The defendant shall obtain a mental health evaluation and follow all recommendations from said evaluation; and

(d) That the defendant be required to pay a fine within the advisory guideline range as determined by the Court at the time of sentencing, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant pay a Special Assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

In consideration of the recommended disposition of this case, I, PATRICK BRYANT WILSON, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

(b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case

*PBW*
Defendant's initials       Page 7 of 12

with his attorney, who explained them to her satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, PATRICK BRYANT WILSON, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
PATRICK BRYANT WILSON

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's

_PBW_
Defendant's initials          Page 8 of 12

duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw her plea.

## VII. <u>VOIDING OF AGREEMENT</u>:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

**VIII. <u>OTHER DISTRICTS AND JURISDICTIONS</u>:** The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. <u>TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:</u>

Unless otherwise specified herein, the parties understand and acknowledge

_P6W_
Defendant's initials            Page 9 of 12

that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of 12 total pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within

*[initials]*
Defendant's initials             Page 10 of 12

the past 48 hours except as stated hereafter:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

12/12/09
DATE

_Patrick Bryant Wilson_
**PATRICK BRYANT WILSON**
**Defendant**

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated

PBW
Defendant's initials

above and on the terms and conditions set forth herein.

12/12/09
DATE

DONALD L. COLEE, JR., ESQ.
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

12/14/09
DATE

PATRICK CARNEY
Assistant United States Attorney

PBW
Defendant's initials        Page 12 of 12